UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VAPOR TECHNOLOGY ASSOCIATION; SIP VENTURES LLC d/b/a HAZE HEAVEN; ARTISAN VAPOR FRANCHISE LLC d/b/a ARTISAN VAPOR COMPANY; DALLAS VAPOR INC. d/b/a ARTISAN VAPOR & CBD FORT WORTH; and TROPHY VAPOR INC. d/b/a ARTISAN VAPOR & CBD TROPHY CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> KELLY HANCOCK, in his official capacity as Acting Comptroller of Public Accounts for the State of Texas; JENNIFER SHUROD, M.D., in her official capacity as Commissioner of the Texas Department of State Health Services; GREGORY W. ABBOTT, in his official capacity as Governor of the State of Texas; and WARREN KENNETH PAXTON, JR., in his official capacity as Attorney General of the State of Texas, <br><br> Defendants. | CIVIL ACTION NO. 4:25-cv-3955 <br><br> **VERIFIED COMPLAINT** <br><br> (Temporary Restraining Order by September 1, 2025, and Preliminary Injunction Requested) |

Plaintiffs Vapor Technology Association, SIP Ventures LLC d/b/a Haze Heaven, Artisan Vapor Franchise LLC d/b/a Artisan Vapor Company, Dallas Vapor Inc. d/b/a Artisan Vapor & CBD Forth Worth, and Trophy Vapor Inc. d/b/a Artisan Vapor & CBD Trophy Club file this Verified Complaint for declaratory and injunctive relief against Defendants Kelly Hancock, in his official capacity as Acting Comptroller of Public Accounts for the State of Texas; Jennifer Shurod, M.D., in her official capacity as Commissioner of the Texas Department of State Health Services; Gregory W. Abbott in his official capacity as the Governor of the State of Texas; and Warren

1

Kenneth Paxton, Jr., in his official capacity as the Attorney General of the State of Texas. In support of their Verified Complaint, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this Complaint for a declaratory judgment and to preliminarily and permanently enjoin Defendants from enforcing a provision of recently-enacted Texas Senate Bill 2024 ("S.B. 2024") that amends Texas Health & Safety Code § 161.0876 to prohibit the sale of electronic nicotine delivery system ("ENDS") products containing e-liquid that is wholly or partially manufactured in or marketed as being manufactured in China or in any other country designated as a foreign adversary by the United States Secretary of Commerce under 15 C.F.R. § 791.4. This provision of Texas Health & Safety Code § 161.0876 violates the Foreign Commerce Clause of the United States Constitution. Because the provision facially discriminates against the subject goods based on the country of origin of a component thereof, the provision is *per se* invalid.

## THE PARTIES

2. Plaintiff Vapor Technology Association ("VTA") is a U.S. vapor product industry trade association organized as a 501(c)(6) non-profit under the laws of the District of Columbia with its principal place of business at 418 C Street, NE, Washington, D.C. 20002. The VTA's members are dedicated to innovating and selling high-quality ENDS products, also known as vapor products, that provide adult smokers with a less harmful alternative to smoking deadly combustible cigarettes. The VTA's members include businesses in every sector of the ENDS or vapor product industry, such as manufacturers, distributors, wholesalers, suppliers, and retailers, as well individual consumers of vapor products. The VTA has numerous members in the State of Texas. The VTA educates lawmakers, other government officials, and the public on the facts about ENDS

products and the impact that legislative and regulatory proposals would have on public health both at the federal level and at the state level, including in Texas.

3. Plaintiff SIP Ventures LLC d/b/a Haze Heaven ("SIP Ventures") is a Texas limited liability company that is a retailer of ENDS products located at 706 West Gray Street, Houston, Texas 77019.

4. Plaintiff Artisan Vapor Franchise LLC d/b/a Artisan Vapor Company ("Artisan Vapor") is Texas limited liability company that is a retailer of ENDS products the predecessor of which was founded in Dallas, Texas in 2013. Artisan Vapor operates fifteen company-owned stores across the State of Texas. Artisan Vapor also has nine franchisee-owned and operated stores across the State of Texas. Artisan Vapor also stores ENDS products in Texas for sale to consumers outside of the state. Artisan Vapor is a member of Plaintiff VTA.

5. Plaintiff Dallas Vapor Inc. d/b/a Artisan Vapor & CBD Forth Worth ("Artisan Fort Worth") is a Texas corporation that is a retailer of ENDS products located at 4821 Bryant Irvin Road, Fort Worth Texas 76132.

6. Plaintiff Trophy Vapor Inc. Artisan Vapor & CBD Trophy Club ("Artisan Trophy") is a Texas corporation that is a retailer of ENDS products located at 301 Trophy Lake Drive, Suite 148, Trophy Club, Texas 76262.

7. Defendant Kelly Hancock, who is sued in his official capacity, is the Acting Comptroller of Public Accounts for the State of Texas. His office is located at 111 East 17th Street, Austin, Texas 78774.

8. Defendant Jennifer Shurod, M.D., who is sued in her official capacity, is the Commissioner of the Texas Department of State Health Services. Her office is located at 1100 West 49th Street, Austin, Texas 78756.

9. Defendant Gregory W. Abbott, who is sued in his official capacity, is the duly elected Governor of Texas. His office is located at 1100 Congress Ave., Austin, Texas 78711-2428.

10. Defendant Warren Kenneth Paxton, Jr., who is sued in his official capacity, is the duly elected Attorney General of Texas. His office is located at 300 West 15th Street, Austin, Texas 78701.

## JURISDICTION AND VENUE

11. This action arises under and asserts claims based on the United States Constitution. The Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. The Declaratory Judgment Act authorizes the Court to grant Plaintiffs' request for declaratory relief. 28 U.S.C. §§ 2201-2202. Plaintiffs SIP Ventures, Artisan Vapor, Artisan Fort Worth, and Artisan Trophy are all Texas businesses subject to enforcement under S.B. 2024.

13. Because this action seeks to enjoin a state official from implementing and enforcing a state statute that violates the United States Constitution, the Eleventh Amendment to the United States Constitution does not prohibit this Court from deciding this action. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908).

14. This Court has personal jurisdiction over Defendants in their official capacities because they are state officials responsible for enforcing S.B. 2024 and their offices are in Austin, Texas.

15. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred and in which a substantial part of the property that is the subject of the action is situated.

# FACTS

**A.   The Modern Electronic Cigarette was Invented in China and Most are Manufactured in China.**

16.   Electronic nicotine delivery system products, also known as electronic cigarettes or "e-cigarettes," are alternatives to smoking deadly combustible cigarettes that are far less harmful because they do not contain tobacco, involve combustion, or generate smoke, tar, or ash. Instead, ENDS products use a battery-powered heating element to heat and aerosolize a nicotine-containing solution, called "e-liquid," for the user to consume nicotine without the harmful effects of combustion.

17.   The first modern electronic cigarette to be successfully commercialized was invented in China in 2003 by Hon Lik, a pharmacist, who sought a way to quit smoking traditional, combustible cigarettes after his father died of smoking-related lung cancer and Hon's own attempts to quit using nicotine patches were unsuccessful.

18.   Today, virtually all electronic cigarette devices sold worldwide, and a significant portion of the e-liquids used in them, are manufactured in China. All or virtually all ENDS products on the market today are wholly or in large part manufactured in China. Most of the American and Texas small businesses that sell and the majority of American consumers who use ENDS products, sell or use ENDS products containing e-liquid also made there.

**B.   The Foreign Commerce Clause of the United States Constitution Provides Congress the Power to Regulate Commerce with Foreign Nations and Prohibits State Regulation that Facially Discriminates Based on Country of Origin.**

19.   "The Congress shall have Power … [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const., art. I, § 8, cl. 3.

20.   Because the federal Constitution gives Congress the exclusive power to regulate commerce with foreign nations, the Supreme Court and lower federal courts have long held that

state laws that facially discriminate against foreign commerce are *per se* invalid, even if the discriminating state's economy does not directly benefit from the discrimination. *See, e.g.*, *Kraft Gen. Foods, Inc. v. Iowa Dep't of Revenue and Finance*, 505 U.S. 71, 79, 81 (1992) ("Absent a compelling justification . . . a state may not advance its legitimate goals by means that facially discriminate against foreign commerce.").

21.     Such facial discrimination is prohibited because country-of-origin discrimination is an impermissible exercise of state power in a realm reserved for the federal government. *See, e.g., Barclays Bank Plc v. Franchise Tax Bd.*, 512 U.S. 298, 311, 114 S. Ct. 2268, 2275 (1994) ("In the unique context of foreign commerce, a State's power is further constrained because of the special need for federal uniformity."); *National Foreign Trade Council v. Natsios*, 181 F.3d 38, 67 (1st Cir. 1999) ("Supreme Court decisions under the Foreign Commerce Clause have made it clear that state laws that are designed to limit trade with a specific foreign nation are precisely one type of law that the Foreign Commerce Clause is designed to prevent.").

22.     The Fifth Circuit has laid out a test to determine whether a state statute violates the Foreign Commerce Clause: "'regulations that facially discriminate' against foreign commerce 'are virtually per se invalid,' and 'nondiscriminatory state regulations affecting foreign commerce are invalid if they (1) create a substantial risk of conflicts with foreign governments; or (2) undermine the ability of the federal government to 'speak with one voice' in regulating commercial affairs with foreign states.'" *United States v. Texas*, 719 F. Supp. 3d 640, 679 (W.D. Tex. 2024) (quoting *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 750 (5th Cir. 2006)).

**C.      Texas S.B. 2024 is Facially Discriminatory.**

23.     On June 20, 2025, Defendant Abbott signed into law Texas Senate Bill 2024. S.B. 2024 amends Texas Health & Safety Code sections 161.0181 and 161.0876 and has an effective

6

date of September 1, 2025. A true and correct copy of Texas S.B. 2024 is attached hereto as <u>Exhibit A</u>.

24. S.B. 2024 amends Texas Health & Safety Code § 161.0876 and provides, in relevant part, that a person commits an offense that is a Class A misdemeanor if that person "markets, advertises, sells, offers for sale, or causes to be sold an e-cigarette product . . . that is wholly or partially manufactured in or marketed as being manufactured in: (A) China; or (B) a country designated as a foreign adversary by the United States secretary of commerce under 15 C.F.R. Section 791.4."

25. For purposes of Texas Health & Safety Code § 161.0876, S.B. 2024 defines an "e-cigarette product" as a "consumable liquid solution or other material aerosolized or vaporized during the use of an electronic cigarette or other device . . . , regardless of whether the liquid solution or material contains nicotine. The term does not include a prescription medication or other prescribed substance unrelated to the cessation of smoking."

26. S.B. 2024 thus makes it a crime for any person to market, advertise, offer for sale, sell, or cause to be sold in Texas an ENDS product that contains e-liquid partially or wholly manufactured in China or any country designated as a foreign adversary under 15 C.F.R. § 791.4.

27. Besides China, the other countries designated as "foreign adversaries" under 15 C.F.R. § 791.4 are Cuba, Iran, North Korea, and Russia.

28. Title 15 C.F.R. § 791.4 has nothing to do with the regulation of nicotine-containing products or tobacco products, or even with consumer health and safety more broadly, but rather with the Department of Commerce's regulation of the acquisition, importation, transfer, installation, dealing in, and use of information and communications technologies and services, including connected software applications, under Executive Order 13873 (entitled "Securing the

Information and Communications Technology and Services Supply Chain") published on May 15, 2019. *See* 84 Fed. Reg. 22689; 15 C.F.R. §§ 791.1-791.7.

29. Texas S.B. 2024 facially discriminates against foreign commerce because it prohibits, under penalty of criminal conviction, the advertising, marketing, and sale of ENDS products containing e-liquid partially or wholly manufactured in China (as well as the other countries designated as "foreign adversaries" under 15 C.F.R. § 791.4). Because S.B. 2024 discriminates against ENDS products containing e-liquid manufactured in China or in the countries designated as foreign adversaries under 15 C.F.R. § 791.4 by banning their sale in the State of Texas under threat of criminal indictment, but not against other foreign-made tobacco products, such as cigarettes manufactured in China, or ENDS products containing e-liquid manufactured in whole or in part in the United States or in other foreign countries, S.B. 2024 violates the Foreign Commerce Clause of the United States Constitution.

**D.     Texas is Not Acting as a Market Participant with Respect to S.B. 2024.**

30. "When a state or municipality participates in the marketplace, rather than regulating commerce, the commerce clause does not control its actions." *New Orleans Steamship Ass'n v. Plaquemines Port, Harbor & Terminal Dist.*, 874 F.2d 1018, 1021 (5th Cir. 1989).

31. However, the market participant exception to the general prohibition on state regulation of foreign commerce does not apply to S.B. 2024 because Texas is not acting as a market participant that is buying and/or selling ENDS products, but rather is acting as an industry regulator by outright banning long-established foreign commerce.

**E.     Plaintiffs are Threatened with Irreparable Harm by the Imminent Enforcement of Texas S.B. 2024.**

32. A significant proportion of the sales of ENDS products made on a daily basis by Plaintiffs SIP Ventures, Artisan Vapor, Artisan Forth Worth, and Artisan Trophy are of products

that are made in China and thus contain e-liquids that these Plaintiffs know or reasonably believe are manufactured in whole or in part in China.

33. Moreover, Texas is the second largest state for the U.S. ENDS industry and is home to thousands of small businesses—including distributors, wholesalers, and retailers—which will be dramatically and adversely affected by Texas prohibiting ENDS products based on the country of origin of their e-liquids. For their part, Texas-based manufacturers of e-liquids will suffer when their retail outlets are forced to close as a result of S.B. 2024. In other words, if retailers within established distribution networks close because a large majority of their inventory is suddenly made illegal, then Texas e-liquid manufacturers will also suffer as their retailer customer base disappears.

34. Even if the whole of the e-liquid itself is not manufactured in China, the e-liquids typically found in ENDS products contain multiple ingredients, typically including propylene glycol, vegetable glycerin, nicotine (either extracted or derived from tobacco or synthetically manufactured), and multiple flavoring ingredients, some or all of which may be manufactured in a foreign country. Under the plain language of S.B. 2024, if even a single ingredient, such as a single flavor ingredient, was manufactured in China, sale of the entire ENDS product is prohibited.

35. However, Plaintiffs have no way of knowing whether any particular ingredient contained in a product's e-liquid was manufactured in one of the countries banned under S.B. 2024 and, accordingly, whether by advertising, marketing, offering for sale, and selling that product Plaintiffs are violating S.B. 2024.

36. Because S.B. 2024 was only enacted on June 20, 2025, and takes effect imminently on September 1, 2025, Plaintiffs have hundreds of thousands of dollars' worth of inventory of ENDS products purchased before June 20, 2025, which they either (i) know or reasonably believe

contain e-liquids that were manufactured in whole or in part in China; or (ii) do not know for certain that every ingredient in the e-liquid was not manufactured in whole or in part in China.

37. To ensure full compliance with S.B. 2024, Plaintiffs will be required to stop selling a large majority of the ENDS products that they currently sell to encompass both of these categories of ENDS products and to destroy or discard much of their current inventories.

38. Further, the disruption of the chain of commerce will be dramatic given the very short time between enactment of S.B. 2024 on June 20, 2025, and its effective date of September 1, 2025. To comply with S.B. 2024, Texas companies would have to completely change their supplier networks. They would need to ensure that their suppliers either (i) set up new e-liquid manufacturing facilities in the United States and then export the U.S.-made e-liquid to China for filling into the electronic devices that are all manufactured there; (ii) procure e-liquids wholly made in other countries and ship them to China for filling into the electronic devices that are all manufactured there; and/or (iii) build new device manufacturing facilities or new device filling facilities in the United States. The lead time for any of these options to be scaled to the level required to meet the current demands of Texas ENDS consumers is far greater than the approximately seventy days provided by S.B. 2024.

39. Plaintiffs are threatened with imminent, irreparable harm by the enactment and threatened enforcement of S.B. 2024. Because the State of Texas and its employees enjoy sovereign immunity, Plaintiffs will never be able to recover monetary damages for the lost revenues and profits, destroyed and discarded inventory, and lost customer goodwill they will suffer if, to avoid criminal prosecution, they comply with S.B. 2024 and stop selling all ENDS products other than those they definitively know contain e-liquid that was not manufactured in whole or in part in China or the other prohibited countries.

40. Indeed, starting even before S.B. 2024's enforcement date, the specter of the looming prohibition on ENDS products containing e-liquids made in whole or in part in China has caused Plaintiffs to lose sales volumes, along with the attendant revenue and profits, from which their businesses pay their substantial operating expenses.

41. Plaintiffs thus seek immediate equitable relief in the form of a temporary restraining order and preliminary injunction that prohibits Defendants from enforcing these requirements of S.B. 2024.

## COUNT I
### (Declaratory and Injunctive Relief – Violation of Foreign Commerce Clause)

42. Plaintiffs incorporate by reference paragraph 1 through 41, above, as if set forth at length herein.

43. A dispute exists between Plaintiffs and Defendants as to whether the provision of Texas S.B. 2024 that amends Texas Health & Safety Code § 161.0876 and makes it a class A misdemeanor for a person to market, advertise, sell, offer for sale, or cause to be sold an e-cigarette product that is wholly or partially manufactured in or marketed as being manufactured in either China or any other country designated as a foreign adversary by the United States secretary of commerce under 15 C.F.R. Section 791.4 facially discriminates against foreign commerce in violation of the Foreign Commerce Clause.

44. On and after S.B. 2024's effective date of September 1, 2025, Plaintiffs will face the Hobson's choice of either violating Texas Health & Safety Code § 161.0876 by continuing to sell ENDS products with e-liquids that may be manufactured wholly or partially in China and facing criminal prosecution or by ceasing all sales of such products and suffering substantial losses of revenues, profits, inventory, and consumer goodwill for which they will be unable to recover damages against Defendants or the State of Texas because of sovereign immunity.

11

45. A further dispute exists between Plaintiffs and Defendants as to whether S.B. 2024 applies to ENDS products stored in the State of Texas for ultimate sale and shipment to businesses or consumers outside of the State of Texas. On June 25, 2025, a request for informal guidance on this issue was sent to the Texas Department of State Health Services, of which Defendant Shurod is the Commissioner, and to Defendant Hancock as the Acting Texas Comptroller of Public Accounts. Yet, almost two months later, and with fewer than two weeks remaining until the effective date of S.B. 2024, neither has provided a substantive response to the request.

46. Plaintiffs are entitled to a declaratory judgment that the challenged provision of S.B. 2024 violates the Constitution's Foreign Commerce Clause and is thus invalid and unenforceable.

47. Alternatively, Plaintiffs are entitled to a declaratory judgment that the challenged provision of S.B. 2024 does not apply to persons that merely store ENDS products in Texas for sale and shipment to business or retail customers outside of the State of Texas.

48. Because Plaintiffs are threatened with immediate and irreparable harm from enforcement of S.B. 2024 starting on September 1, 2025, Plaintiffs are entitled to a temporary restraining order and preliminary injunction enjoining Defendants from enforcing the challenged provision of S.B. 2024.

## PRAYER FOR RELIEF

49. Plaintiffs respectfully requests that this Court enter a judgment in their favor and against Defendants:

    a. Declaring, pursuant to 28 U.S.C. § 2201, that S.B. 2024 violates the Foreign Commerce Clause of the United States Constitution;

    b. Alternatively, declaring, pursuant to 28 U.S.C. § 2201, that S.B. 2024 does

not apply to the storage of ENDS products in Texas for sale and shipment to customers outside of the State of Texas;

c. Temporarily, preliminarily, and permanently enjoining Defendants from enforcing the provision of S.B. 2024 that amends Texas Health & Safety Code § 161.0876 and makes it a class A misdemeanor for a person to market, advertise, sell, offer for sale, or cause to be sold an e-cigarette product that is wholly or partially manufactured in or marketed as being manufactured in either China or another country designated as a foreign adversary by the United States secretary of commerce under 15 C.F.R. Section 791.4;

d. Alternatively, temporarily, preliminarily, and permanently enjoining Defendants from enforcing the provision of S.B. 2024 that amends Texas Health & Safety Code § 161.0876 and makes it a class A misdemeanor for a person to market, advertise, sell, offer for sale, or cause to be sold an e-cigarette product that is wholly or partially manufactured in or marketed as being manufactured in either China or another country designated as a foreign adversary by the United States secretary of commerce under 15 C.F.R. Section 791.4 as to persons that merely store such products within the State of Texas for sale and shipment to customers outside of the State of Texas;

e. awarding Plaintiffs their costs, expenses, and fees (including attorneys' fees under, *inter alia*, 28 U.S.C. § 1988); and

f. granting such other and further relief as is necessary and appropriate.

Dated: August 20, 2025

                                        By: /s/ Eric N. Heyer
                                            **Eric N. Heyer**
                                            Federal ID No. 1215379
                                            THOMPSON HINE LLP
                                            1919 M Street, NW, Suite 700
                                            Washington, DC 20036
                                            Telephone: (202) 331-8800
                                            Facsimile : (202) 331-8330
                                            Eric.Heyer@ThompsonHine.com

                                            ***Attorney-In-Charge for Plaintiffs***

**OF COUNSEL**:

**Michael D. Matthews, Jr.**
Texas Bar No. 24051009
Federal ID No. 1062430
matt.matthews@mhllp.com

**Tyrone L. Haynes**
Texas Bar No. 24076430
Federal ID No. 2303786
tyrone.haynes@mhllp.com

**McDowell Hetherington, LLP**
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile:  (713) 337-8850

**James Fraser** (pro hac vice forthcoming)
James.Fraser@ThompsonHine.com

**Joseph A. Smith** (pro hac vice forthcoming)
Joe.Smith@ThompsonHine.com

**Anna Stressenger** (pro hac vice forthcoming)
Anna.Stressenger@ThompsonHine.com

**Ryan D. Callinan** (pro hac vice forthcoming)
Ryan.Callinan@ThompsonHine.com

**THOMPSON HINE LLP**
1919 M Street, NW, Suite 700
Washington, DC 20036
Telephone: (202) 331-8800
Facsimile: (202) 331-8330