UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VAPOR TECHNOLOGY ASSOCIATION, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KELLY HANCOCK, ET AL., <br><br> Defendants. | Civil Action No. 4:25-cv-03955 |

**HARRIS COUNTY DISTRICT ATTORNEY TEARE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Harris County District Attorney Sean Teare ("DA Teare"), sued in his official capacity, files this Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint, and respectfully shows as follows:

**INTRODUCTION AND PROCEDURAL BACKGROUND**

On August 22, 2025, Plaintiffs filed their Verified First Amended Complaint which named DA Teare as a defendant. ECF No. 13. In their First Amended Complaint, Plaintiffs allege that recently enacted Senate Bill 2024 ("S.B. 2024") violates the Foreign Commerce Clause of the United States Constitution and bring suit against Defendants for a declaratory judgment and to preliminarily and permanently enjoin Defendants from enforcing this provision. On August 27, 2025, this Court held a hearing on Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunction, ECF No. 17, during which the Court set a briefing schedule for the parties' motions to dismiss. See Minute Entry, Aug. 27, 2025.

On September 3, 2025, DA Teare filed his 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction which asserts that this Court has no subject matter jurisdiction over Plaintiffs' suit against DA Teare because Plaintiffs lack standing and their claims against DA Teare are barred

by sovereign immunity. ECF No. 40.[1] On September 15, 2025, Plaintiffs filed their Response in Opposition to Defendants' Motions to Dismiss. ECF No. 51. Also on September 15, 2025, Plaintiffs filed a Notice Regarding Intent to File Motion for Leave to File Second Amended Complaint, notifying the Court that Plaintiffs intended to add a claim under the First Amendment of the United States Constitution as well as additional defendants. ECF No. 52. Nowhere in this notice did Plaintiffs mention DA Teare.

On September 16, 2025, Plaintiffs conferred with DA Teare's counsel regarding Plaintiffs' upcoming Motion for Leave to File a Second Amended Complaint ("Motion for Leave"). DA Teare's counsel confirmed his opposition. In response, Plaintiffs requested that DA Teare enter into a formal stipulation or produce an affidavit or declaration stating his permanent intent to not enforce S.B. 2024. Plaintiffs' counsel stated that not providing such a statement would be construed as a position of potential enforcement under *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 399–400 (5th Cir. 2025). *See* ECF No. 59 at 6. DA Teare did not provide such a statement.

On September 22, 2025, Plaintiffs filed their Motion for Leave and attached a Proposed Second Amended Complaint. ECF Nos. 59, 59-1. This Proposed Second Amended Complaint adds several defendants, a cause of action under the First Amendment of the United States Constitution, and additional facts.

Plaintiffs' additional facts include a letter addressed to "business owner/manager," signed by Sgt. J. Meredith of the Criminal Investigations Division, ProAct Unit of the Deer Park Police Department. ECF. No. 59-1 at Ex. F. Additionally, Plaintiffs now assert that DA Teare did not agree to make a statement promising permanent non-enforcement of S.B. 2024 against Plaintiffs,

---

[1] Also on September 3, 2025, Defendants Phil Sorrells and John Cruezot filed their Motions to Dismiss. ECF No. 41, 42.

however acknowledging that such a statement would violate Texas Local Government Code § 87.011. ECF No. 59-1 at ¶ 64.

## ARGUMENT

All Defendants have filed Motions to Dismiss Plaintiffs' First Amended Complaint on the basis that this Court lacks subject matter jurisdiction. A 12(b)(1) motion, such as DA Teare's, triggers a mandatory duty for the Court to determine whether it has jurisdiction in this case prior to making any other order, including an order granting Plaintiffs' Motion for Leave. This is because, "[u]nless a federal court possesses subject matter jurisdiction over a dispute [. . .] any order it makes (other than an order of dismissal or remand) is void." *John G. & Marie Stella Kenedy Mem'l Found. v. Mauro,* 21 F.3d 667, 674 (5th Cir. 1994).

In the event that the Court reaches Plaintiffs' Motion for Leave, leave should be denied because Plaintiffs' Proposed Second Amended Complaint, like their First Amended Complaint, fails to establish that this Court has subject matter jurisdiction over Plaintiffs' claims against DA Teare, making the amendment futile.

### I. PLAINTIFFS' SECOND AMENDED COMPLAINT IS FUTILE BECAUSE IT FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION AGAINST DA TEARE.

Plaintiffs, realizing they failed to allege sufficient facts to establish subject matter jurisdiction in their First Amended Complaint, request that the Court grant leave to amend to add additional defendants, a new cause of action, and additional facts. This amendment would be futile as the Proposed Second Amended Complaint once again fails to establish subject matter jurisdiction over DA Teare.

"An amendment is futile if the amended complaint fails to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). An amendment is also futile if it shows that the Court lacks subject matter jurisdiction over a plaintiff's claims.

*Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (affirming lower court's denial of leave to amend by concluding that it would lack subject matter jurisdiction over any potential amendments.); *see also Mintex, Inc. v. Prof'l Account Mgmt., LLC*, No. 3:23-CV-0301-B, 2023 WL 7283924, at *1 (N.D. Tex. Nov. 2, 2023).

To show that their amendment is not futile, Plaintiffs must allege facts in their Proposed Second Amended Complaint showing that they have standing for their claims against DA Teare and that DA Teare is not entitled to sovereign immunity under *Ex parte Young*, 209 U.S. 123, 155–56 (1908). Plaintiffs fail to carry either burden.

### A. Plaintiffs' Motion for Leave should be denied as futile because Plaintiffs have not alleged any facts demonstrating that Plaintiffs have Article III Standing.

Plaintiffs' Proposed Second Amended Complaint, like their First Amended Complaint, fails to allege facts showing that they have standing to assert their claims against DA Teare. Standing "is a threshold issue that [the court] consider[s] before examining the merits" of a claim. *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016). To establish standing, Plaintiffs "must show (1) that they suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest; (2) that the injury is traceable to the challenged action of the defendant; and (3) it is likely, rather than merely speculative, the injury will be redressed by a particular decision." *Id*. (cleaned up). "If the party invoking federal jurisdiction fails to establish any one of injury in fact, causation, or redressability, then federal courts cannot hear the suit." *Id*.

Plaintiffs' Motion for Leave states that its Proposed Second Amended Complaint "include[s] additional factual allegations against [. . .] Teare, the district attorney for Harris County." ECF No. 59 at 5. These "additional factual allegations" include the statement that

> "[O]n or about September 9, 2025, the police department for Deer Park, Texas, which is located in Harris County, issued a letter to ENDS retailers stating that S.B. 2024 'prohibits e-cigarette products that are manufactured in China or another

4

> foreign adversary' [and that] '[f]ailure to comply with this notification will result in enforcement action consistent with the update[d] legislature changes,'

ECF No. 59-1 at ¶ 63. This letter is addressed to "business owner/manager" and signed by Sgt. J. Meredith of the Criminal Investigations Division, ProAct Unit of the Deer Park Police Department. ECF No. 59-1 at Ex. F. DA Teare is not mentioned in the letter.

Plaintiffs' Proposed Second Amended Complaint makes it clear that the amendment should be denied as futile. Plaintiffs have not alleged that they or their members are located in the city of Deer Park, Texas, nor have Plaintiffs alleged that they or their members were intended recipients of the letter. Article III requires that a plaintiff allege facts showing *their own* concrete and particularized harm, not that of other nameless "business owner[s]/manager[s]" in a city where no Plaintiff is located. *See id.* ("plaintiffs must show [] that ***they*** suffered an injury in fact.") (internal citations omitted) (emphasis added).

In addition to failing to show that Plaintiffs have suffered an injury in fact, the Proposed Second Amended Complaint is devoid of any attempt to connect the letter to DA Teare's actions. Plaintiffs do not allege that DA Teare caused the letter to be sent or that DA Teare exerts control over the Deer Park Police Department. This failure shows that Plaintiffs have failed to carry their burden to allege facts showing that DA Teare caused Plaintiffs any concrete and particularized harm, or that relief against him would remedy the harm. Granting Plaintiffs' requested relief against DA Teare would leave the Deer Park Police Department free to continue sending letters and taking enforcement action against ENDS retailers within its jurisdiction.[2] Therefore, Plaintiffs' Second Amended Complaint, like their First Amended Complaint, fails to establish that the

---

[2] As district attorney for Harris County, Texas, DA Teare has the discretion to prosecute crimes that occur in the over 1,700 square miles of his jurisdiction. To suggest that, in addition to this, DA Teare controls, directs, and manages communication for Deer Park, Texas, is not supported by facts or law.

Plaintiffs have Article III standing with regard to DA Teare. This amendment is futile and the Motion for Leave should be denied. *See Wiggins*, 710 F. App'x at 627.

### B. Plaintiffs' amendment is futile because their claims against DA Teare are barred by the Eleventh Amendment.

As a State of Texas official, DA Teare is generally entitled to sovereign immunity from suit. State sovereign immunity generally precludes suits against state officials in their official capacities. *Texas Dem. Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (hereinafter "*Tex. Democratic Party I*")). Therefore, Plaintiffs' claims are barred by sovereign immunity unless Plaintiffs can demonstrate that the *Ex parte Young* exception applies. 209 U.S. 123 (1908).

To determine whether *Ex parte Young* applies, the Court must consider the following guideposts: (1) the state official has "more than the general duty to see that the laws of the state are implemented," *i.e.*, a "particular duty to enforce the statute in question"; (2) the state official has "a demonstrated willingness to exercise that duty"; and (3) the state official, through his conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024) (citations omitted).

Plaintiffs mention DA Teare by name in their Proposed Second Amended Complaint only three times. Once to name him as a Defendant in his official capacity as the District Attorney for Harris County, Texas, once to state that DA Teare has not agreed to provide a written statement promising permanent non-enforcement of Tex. Health & Safety Code § 161.081, and once to state that DA Teare is barred from making such a statement due to potential removal under Loc. Gov't Code § 87.011. ECF No. 59-1 at ¶¶ 13, 64. These three mentions of DA Teare do not amount to facts showing that he is a proper *Ex parte Young* defendant.

Plaintiffs have not alleged facts showing that DA Teare has a "particular duty to enforce the statute in question." The Fifth Circuit addressed this *exact* issue in *Mi Familia Vota*, where it

6

determined that a district attorney's mere "[d]iscretionary authority to act, on its own, is insufficient to give rise to a particular duty to act, *i.e.*, a sufficient connection [to] enforcement." 105 F.4th at 326–27. The Fifth Circuit went on to say that the discretionary "authority to bring criminal prosecutions on behalf of the state [] derived from the Texas constitution" is not enough to be a proper defendant under *Ex parte Young*. *Id*. at 328. This is because the law "does not mandate that district attorneys prosecute every case under every criminal statute no matter the specific facts." *Fund Tex. Choice v. Deski*, No. 1:22-CV-859-RP, 2025 WL 2020052, at *9 (W.D. Tex. May 23, 2025).

The fact that Deer Park, Texas is located in Harris County merely underscores the fact that DA Teare has "discretionary authority to bring criminal prosecutions" in Harris County and can use that discretion to accept or reject charges originating in Deer Park, Texas. *Mi Familia Vota*, 105 F.4th at 328. This discretion is not a "particular duty to act" under *Ex parte Young*. *Id*.

In addition to not having a specific duty to enforce Tex. Health & Safety Code § 161.0876, Plaintiffs have failed to allege that DA Teare has a "demonstrated willingness to enforce [Tex. Health & Safety Code § 161.0876]" against Plaintiffs. *Texas Democratic Party I*, 961 F.3d at 401. This requires Plaintiffs to show "'some scintilla' of affirmative action by the state official." *Texas Democratic Party* I, 961 F.3d at 401 (citation omitted); *see also Mi Familia Vota*, 105 F.4th at 329. In this analysis, the Court's "focus is on [DA Teare's] actions, not those of other officials." *Mi Familia Vota v. Ogg*, 105 F.4th at 331.

Plaintiffs fail to allege any facts showing that DA Teare has taken any affirmative enforcement action against Plaintiffs. The letter from the Police Department of Deer Park, Texas is signed by Sgt. J. Meredith of the Criminal Investigations Division, ProAct Unit of the Deer Park Police Department. This letter contains no mention to DA Teare, does not contain his signature,

or evidence any connection to DA Teare at all. "Th[is] is fatal" to Plaintiffs' claims against DA Teare because Fifth Circuit "caselaw requires 'specific enforcement action *of the respective defendant state officials*' to apply the *Ex parte Young* exception." *White Hat v. Murrill*, 141 F.4th 590, 601 (5th Cir. 2025) (emphasis in original) (quoting *City of Austin v. Paxton*, 943 F.3d 993, 1001 (5th Cir. 2019)).

That DA Teare has not provided Plaintiffs with a "written stipulation [. . .] promising permanent non-enforcement of S.B. 2024," ECF No. 59-1 at ¶ 64, does not waive DA Teare's sovereign immunity under the *Ex Parte Young* exception.

Plaintiffs correctly point to section 87.011 of the Texas Local Government Code as the reason why DA Teare is "highly unlikely" to enter into Plaintiffs' proposed stipulation. ECF 59-1 at ¶ 64. Should DA Teare adopt a stipulation "of refusing to prosecute a class or type of offense under state law," under section 87.011, DA Teare may be subject to removal from office for official misconduct. *See* Tex. Loc. Gov't Code § 87.011. Declining to subject himself to removal from office under Texas law cannot be considered an affirmative enforcement action against Plaintiffs under *Ex parte Young.*

Even if DA Teare was permitted to enter into such a permanent non-enforcement stipulation under Texas law, which he is not, declining to disavow all future prosecution on its own is not a basis to find that the *Ex parte Young* exception applies. In *Mi Familia Vota*, the Fifth Circuit considered a stipulation from then District Attorney Kim Ogg offering to refrain from enforcing the challenged criminal provisions during the lawsuit. 105 F.4th at 318.[3] The stipulation did not disavow future enforcement of the challenged provisions after the conclusion of the

---

[3] DA Ogg offered this stipulation prior to the effective date of Tex. Loc. Gov't Code § 87.011. *See La Union del Pueblo Entero v. Abbott*, 618 F. Supp. 3d 435, 444 (W.D. Tex. 2022), *rev'd in part, vacated in part sub nom.*, *Mi Familia Vota v. Ogg*, 105 F.4th 313 (5th Cir. 2024).

lawsuit. *Id.* The court held that while DA Ogg's conditional stipulation is relevant in the standing context, under an *Ex Parte Young* enforcement connection analysis, a failure to disavow prosecutions after constitutional litigation concludes is not a basis for finding that the *Ex Parte Young* exception applies. *Id. See also Deski* at *11 (rejecting the argument that a defendant's failure to disavow future enforcement is evidence of willingness to enforce a challenged law against plaintiffs under *Ex parte Young*).

While Plaintiffs need not show an actual threat of or imminent enforcement action, Plaintiffs must show some "affirmative action on the part of the *named* defendant." *Id.* at 331 (emphasis added) (citing *Calhoun v. Collier*, 78 F.4th 846, 851 (5th. Cir. 2023); *Texas Democratic Party I*, 961 F.3d at 401). That DA Teare cannot and did not enter into such stipulation has no bearing[4]—Plaintiffs have identified no affirmative action on behalf of DA Teare to specifically enforce S.B. 2024 against them. *Mi Familia Vota*, 105 F.4th at 330–31.

Finally, Plaintiffs have failed to show in their Proposed Second Amended Complaint that DA Teare, through his conduct, "compel[s] or constrain[s persons] to obey the challenged law." *Mi Familia Vota*, 105 F.4th at 325 (citations omitted).

Even sincere fear of prosecution stemming from the existence of a challenged statute coupled with a defendant's authority to prosecute criminal cases is insufficient to meet this requirement. *Deski* at *7 (citing *Mi Familia Vota*, 105 F.4th at 332). The official's actions and threats, or lack thereof in this case, are highly relevant to this analysis. *Deski* at *8. As in *Mi*

---

[4]  Plaintiffs' reliance on *Healthy Vision Ass'n* for the assertion that a failure to enter into a written stipulation of non-enforcement is inappropriate here. *See* ECF No. 59 at 6. In *Healthy Vision Ass'n*, the court conducted an *Ex Parte Young* analysis where the Insurance Commissioner had a *specific* duty to enforce a statute and did not repudiate enforcement. *Healthy Vision Ass'n*, 138 F.4th at 399–400. DA Teare has no specific duty to enforce S.B. 2024. *See supra* at 7.

9

*Familia Vota*, DA Teare has "neither enforced the challenged statute against anyone nor threatened to do so." 105 F.4th at 332. Plaintiffs do not even attempt to allege otherwise.

Plaintiffs' claims in their Proposed Second Amended Complaint, as well as in their First Amended Complaint, against DA Teare are therefore barred by sovereign immunity. Plaintiffs' attempt to amend is futile as it fails to show that this Court has subject matter jurisdiction over the action. Plaintiffs' Motion for Leave must therefore be denied. *See Wiggins*, 710 F. App'x at 627.

## CONCLUSION

Because Plaintiffs' Proposed Second Amended Complaint would fail to establish subject matter jurisdiction over DA Teare, this Court should deny Plaintiffs' Motion for Leave to File a Second Amended Complaint.

Dated: October 6, 2025                                  Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G.C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

**SARAH J. UTLEY**
MANAGING COUNSEL,
AFFIRMATIVE AND ENVIRONMENTAL

*/s/ Eleanor Matheson*
**JONATHAN G.C. FOMBONNE**
*Attorney-in-Charge*
Deputy County Attorney and Fist Assistant
Texas State Bar No. 24102702
SDTX Fed. Bar No. 3016436
Jonathan.Fombonne@harriscountytx.gov
**CHRISTOPHER GARZA**
Division Director
Affirmative & Special Litigation Division
Texas Bar No. 24078543
SDTX Fed. Bar No. 1670532

Christopher.Garza@harriscountytx.gov
**ELEANOR MATHESON**
Assistant County Attorney
State Bar No. 24131490
SDTX Fed. Bar No. 3854524
Eleanor.Matheson@harriscountytx.gov
**CHARLES DAVID SHAW, JR.**
Assistant County Attorney
State Bar No. 24085951
SDTX Fed. Bar No. 3193599
Charles.Shaw@harriscountytx.gov
**JESSE BLAKLEY**
Senior Assistant County Attorney
State Bar No. 24060952
SDTX Fed. Bar No. 1104455
Jesse.Blakley@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY ATTORNEY
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

**ATTORNEYS FOR DEFENDANT SEAN TEARE in his official capacity as the District Attorney for Harris County, Texas**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 6, 2025 and that all counsel of record were served by CM/ECF.

  */s/* Eleanor Matheson
  **ELEANOR MATHESON**

11