IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VAPOR TECHNOLOGY ASSOCIATION, *ET AL.*, <br><br> PLAINTIFFS, <br><br> V. <br><br> KELLY HANCOCK, *ET AL.*, <br><br> DEFENDANTS. | CASE NO. 4:25-CV-03955 |

**STATE DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Kelly Hancock, in his official capacity as Acting Comptroller of Public Accounts for the State of Texas (the "Comptroller"); Dr. Jennifer Shuford, M. D., in her official capacity as Commissioner of the Texas Department of State Health Services (the "Health Commissioner"); Gregory W. Abbott, in his official capacity as Governor of the State of Texas ("Governor Abbott"); and Warren Kenneth Paxton, Jr., in his official capacity as Attorney General of Texas ("Attorney General Paxton") (collectively the "State Defendants") file their supplemental motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as follows:

I.   **BACKGROUND**

Plaintiffs filed their Complaint in this action on August 20, 2025 (ECF No. 1). Plaintiffs filed a First Amended Complaint on August 22, 2025 (ECF No. 13). State Defendants filed their Priority Motion to Dismiss for Subject Matter Jurisdiction on August 26, 2025 (the "August 25 Motion") (ECF No. 21), which remains pending for decision.

The State Defendants argued in the August 25 Motion that this action should be dismissed as to them because:

(1) the State Defendants have sovereign immunity, and this action is barred by the Eleventh Amendment to the United States Constitution; and

(2) Plaintiffs lack standing to sue the State Defendants because Plaintiffs failed to allege injury in fact.

Plaintiffs failed in their Complaint and First Amended Complaint to carry their burden to allege that any State Defendants had taken *any action against any Plaintiff* to enforce the challenged statutory provisions. To show standing, Plaintiffs would have had to carry the substantially higher burden of pleading a "concrete and particularized" injury to each one of them that is "actual or imminent." *Spokeo, Inc. v. Robins*, 578 U. S. 330, 333 (2016).

In an attempt to recover from or obscure this fatal omission from their Complaints, Plaintiffs have since made unsworn assertions (e.g., ECF No. 66) that—after the statute went into effect on September 1—field agents of one State Defendant (Acting Comptroller Hancock) sought in isolated instances to enforce the challenged statutory provisions (though not by the criminal penalties set forth in those provisions). But the law is crystal clear that "standing is to be determined as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 570 n.5 (1992); *Furlough v. Cage*, 896 F.3d 382, 386 (5th Cir. 2018); *Kitty Hawk Aircraft Inc. v. Chao*, 418 F.3d 453, 458 (5th Cir. 2005). Thus, Plaintiffs' assertions as to alleged post-pleading events are irrelevant to the issue of Plaintiffs' lack of standing and this Court's lack of subject matter jurisdiction.

Plaintiffs were required to allege *in their pleadings* facts sufficient to show an actual or

imminent injury to them by each Defendant in order to show standing. Plaintiffs here failed to do so, and subject matter jurisdiction therefore does not exist. Plaintiffs cannot manufacture subject matter jurisdiction for a lawsuit sometime *after* they filed it *without* subject matter jurisdiction. "[B]elated efforts to bolster standing are futile." *Access 4 All, Inc. v. Wintergreen Commer. P'Ship, Ltd.*, 2005 U. S. Dist. LEXIS 26935, 2005 WL 2989307 (N. D. Tex. 2005).

## II. SUMMARY OF SUPPLEMENTAL MOTION

Without waiver of the August 25 Motion or any arguments set forth therein, the State Defendants file this supplemental motion to make the Court aware of and assert an *additional* reason why the Court lacks subject matter jurisdiction over Plaintiffs' claims against the State Defendants and should dismiss this case as to each of them pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiffs lack standing to sue the State Defendants in this case for this additional reason: Plaintiffs have *no legally protected interest* in selling, offering to sell, advertising or marketing in Texas the vape products (ENDS) that are prohibited by the provisions of S. B. 1024 challenged in this action. The sale by Plaintiffs of vape products manufactured wholly or partially in China, which are not approved by the Food and Drug Administration (FDA), is unlawful under federal law, specifically the Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. 301 *et seq*. *See* 21 C.F.R. § 1114.5.

Thus, as a federal court held earlier this year, Plaintiffs lack standing to challenge a state statute that regulates their federally unlawful vaping products. *See Vapor Tech. Ass'n v. Taylor*, 2025 U. S. Dist. LEXIS 16472, 2025 WL 348864 (E. D. Ky. 2025) (vape plaintiffs lacked legally protected interest and therefore standing to challenge Kentucky statute because sale of vape products was illegal under federal law). In that case, counsel for Vapor Technology Association, the lead Plaintiff here,

> conceded that 'technically these [vape] products do not comply with the FDCA.' The Court would emphasize that if vapor products do not comply with the FDCA and are not authorized by the FDA, § 1114.5 forbids them from being introduced into interstate commerce. *Simply put, these are illegal products*.

*Id*. at *5 (emphasis added). Thus, the sale of Plaintiffs' Chinese-made vape products is *illegal under*

3

*federal law* and Plaintiffs lack a legally protected interest that could give them standing to sue in this case.

### III. PLAINTIFFS LACK ARTICLE III STANDING BECAUSE THEY HAVE FAILED TO SHOW ANY INJURY TO A "LEGALLY PROTECTED INTEREST."

To have standing, plaintiffs must have alleged an injury in fact—an invasion of a "legally protected interest" that is concrete and particularized and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U. S. 555 (1992); *Stallworth v. Bryant*, 936 F.3d 224, 229 (5th Cir. 2019). Standing is an issue of subject matter jurisdiction that must be decided before reaching the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle,* 74 U.S. 506, 7 Wall. 506, 514, 19 L. Ed. 264 (1869)); *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006).

Moreover, a plaintiff's standing must "affirmatively appear in the record" before the court; it is not something to be "'inferred argumentatively from averments in the pleadings' . . . ." *Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). A federal court is "powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Deelen v. Jones*, 2024 U. S. Dist. LEXIS 148920, 2024 WL 3852349 (S. D. Tex. 2024) (quoting *Whitmore v. Arkansas*, 495 U. S. 149, 155-56 (1990)).

**Plaintiffs have not carried their burden to show a "legally protected interest" in the sale of Chinese-manufactured vape products not approved by the FDA.**

Article III standing requires the plaintiffs to make a showing, *at the pleadings stage* and throughout the case, of (1) injury in fact, (2) causation or traceability, and (c) redressability. *Lujan v. Defenders of Wildlife*, 504 U. S. 555 (1992). To establish injury in fact for Article III standing purposes, a plaintiff must, at the very least, allege "an invasion of a *legally protected interest* . . . ." *Lujan*, 504 U. S. at 560 (emphasis added). A party suffers injury to a "legally protected interest" when it is denied "something the [federal law] guarantees . . . ." *See E.T v. Paxton*, 41 F. 4th 709, 718 (5th

4

Cir. 2022), or when it has suffered a "type of harm that the common law has recognized as actionable." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 822 (5th Cir. 2022).

Alleged economic harms to a plaintiff arising from the prohibition of illicit or unlawful transactions are *not* sufficient to qualify for standing. After all, if plaintiffs had standing to sue to protect an interest in committing or getting away with their illegal conduct, it would pervert our justice system, which has as its purpose to *prevent* rather than foster unlawful action. *See Bell v. Redflex Traffic Sys.*, No. 4:08-cv-444, 2009 U.S. Dist. LEXIS 85263, at *7 (E.D. Tex. Mar. 25, 2009), *aff'd* 374 Fed. App'x 518, 2010 U. S. App. LEXIS 6019 (5th Cir. 2010) (per curiam).

For example, a leading treatise discussed a hypothetical suit by a drug smuggler whose illegal business was blocked by border inspection procedures he claimed to be illegal:

> Standing would not be recognized for a smuggler who asserted that his drug traffic was disrupted. Although the smuggler had been injured in fact, and the inspection procedures might indeed be unlawful, the asserted interest is not one the courts will protect.

13A C. WRIGHT, A. MILLER, & E. COOPER, FED. PRAC. & PROC. JURIS. § 3531.4 (3d ed. 2023) (footnote omitted); *see Gonzalez v. Bad Boy Ent.*, 2024 U. S. Dist. LEXIS 144324, 2024 WL 3794417 (S. D. N. Y. 2024) (plaintiff failed to allege legally protected interest required for standing where he apparently claimed damage to illegal drug smuggling business).

So too here, Plaintiffs have not alleged that they have a legally protected interest in their business of selling federally unlawful Chinese vaping products that have not been approved by the FDA. Plaintiffs here therefore have not carried their burden to show standing and the court therefore lacks subject matter jurisdiction.

The Court in *Verrando v. ACS State & Local Solutions, Inc.*, 2009 U. S. Dist. LEXIS 84034, 2009 WL 2958370 (N. D. Tex. 2009), found that a plaintiff who had been fined for running red lights lacked standing to sue a supplier of cameras that filmed the incidents (causing plaintiffs' conviction) but allegedly lacked a required license. The Court noted that the plaintiffs "do not have a legally protected right to engage in illegal activity and be free of the consequences of that

activity." *Id*. at \*\* 7-8, quoting *Bell v. Redflex* at \* 7. The Fifth Circuit held that a similar action was properly dismissed for lack of standing in *Bell v. Am Traffic Solutions, Inc.,* 371 Fed. Appx. 488, 2010 U. S. App. LEXIS 51808 (5th Cir. 2010).

The same principle that a party has no standing to sue to recover for their illicit activity was enforced by the Fifth Circuit earlier this year in *Dodson v. ExamWorks, LLC*, 2025 U. S. App. LEXIS 4724, 2025 WL 655055 (5th Cir. 2025) and *Regalado v. ExamWorks, LLC*, 2025 U. S. App. LEXIS 17059, 2025 WL 1904487 (5th Cir. 2025). In *Dodson*, the plaintiff (a chiropractor) sued to recover "her portion" of illegal overcharges to insurers collected by a billing services company she contracted with. The Fifth Circuit stated:

> Even if Dodson had suffered such harm, it would not have been to a "legally protected interest." *See Lujan*, 504 U. S. at 560. To the extent Dodson seeks to use federal courts to pursue her cut of illegally obtained funds, this will not suffice for Article III standing. Therefore, she has not pleaded an injury-in-fact under this theory.

2025 U. S. App. LEXIS 4724 at \*6.

It was for this reason that the Court in *Vapor Tech. Ass'n v. Taylor*, 2025 U. S. Dist. LEXIS 16472, 2025 WL 348864 (E. D. Ky. 2025) held that the plaintiffs there (including Vapor Technology Association) lacked standing and dismissed their complaint challenging a newly enacted Kentucky statute regulating vaping. That Court stated:

> The selling of these unauthorized vapor products is, by the plain language of 21 C. F. R. § 1114.5 unlawful conduct  When first confronted with this question of illegality at the motion hearing held on December 20, 2024, Defendants' counsel conceded that "technically these [vapor] products do not comply with the FEDC" The Court would emphasize that if vapor products do not comply with the FDCA and are not authorized by the FDA, § 1114.5 forbids them from being introduced into interstate commerce. Put simply: they are illegal products.

*Id*. at \*\*5-6.

In deciding that the plaintiffs lacked a legally protected interest and therefore lacked standing,

6

the Court concluded at *7:

> [The plaintiffs'] true interest in distributing unlawful vapor products in the Commonwealth of Kentucky is not one that federal courts will protect. The Court cannot, and will not, find that anyone has a legally protected interest in violating unambiguous federal law.

The same reasoning requires dismissal of Plaintiffs' Complaints here for lack of standing. This Court should find that Plaintiffs' "true interest" in distributing, advertising, and selling federally unlawful vape products in the State of Texas is not one that this federal court will protect.[1]

### A. Plaintiffs failed to plead that their Chinese vape products are legal to market, sell, and distribute in the United States and Texas.

Under the federal Food, Drug, and Cosmetic Act (FDCA) all "new tobacco products," including ENDS products such as vape liquids, *must* receive FDA pre-market authorization to be lawfully "commercially marketed in the United States." 21 U.S.C. § 387j. This requirement originally applied only to traditional cigarette and tobacco products, but was later extended to vape products, including to e-liquids containing synthetic nicotine.[2] To date, however, only 39 vape products manufactured by large domestic companies like Juul have been approved by the FDA to be marketed in the United States.[3]

Instead, Chinese-manufactured vape products never approved by the FDA have flooded U. S.

---

[1] The Fifth Circuit has previously applied the "legally protected interest" requirement in other contexts as well. *E.T v. Paxton*, 41 F. 4th 709, 713 (5th Cir. 2022); *NAACP v. Tindell*, 95 F.4th 212, 216-17 (5th Cir. 2024) (per curiam).

[2] *Regulation and Enforcement of Non-Tobacco Nicotine Products (NTN) Products*, U.S. FOOD & DRUG ADMIN., https://www.fda.gov/tobacco-products/products-ingredients-components/regulation-and-enforcement-non-tobacco-nicotine-ntn-products.

[3] *E-Cigarettes, "Vapes" and Other Electronic Nicotine Delivery Systems (ENDS) Authorized by the FDA*, U.S. Food & Drug ADMIN., https://www.fda.gov/tobacco-products/market-and-distribute-tobacco-product/e-cigarettes-vapes-and-other-electronic-nicotine-delivery-systems-ends-authorized-fda (listing all FDA approved e-cigarettes); *E-Cigarettes, "Vapes" and Other Electronic Nicotine Delivery Systems (ENDS)*, U.S. FOOD & DRUG ADMIN., https://www.fda.gov/tobacco-products/products-ingredients-components/e-cigarettes-vapes-and-other-electronic-nicotine-delivery-systems-ends.

markets.[4] In a May 22, 2025, news release, the FDA announced the seizure of nearly two million units of unauthorized e-cigarette products,

> almost all of which originated in China and were intended for shipment to various states. FDA and CBP personnel determined that, in an apparent attempt to evade duties and the review of products for import safety concerns, many of these authorized e-cigarette shipments contained vague product descriptions with incorrect values.[5]

The FDA added:

> In addition to product seizures, the FDA has issued over 750 warning letters to firms for manufacturing, selling, or distributing unauthorized new tobacco products. It has also issued over 800 warning letters to retailers for selling these products and filed civil money complaints against 87 manufacturers and over 175 retailers for their distribution or sale.[6]

The FDA sent a warning letter to one of the Plaintiffs in this case only two weeks before they filed this action. On August 7, 2025, the FDA wrote to Plaintiff Artisan Vapor Company ("Artisan Vapor") at its address in Lewisville, Texas, regarding Artisan Vapor's vaping (i.e., "ENDS") products. The FDA advised Plaintiff Artisan Vapor:

> FDA has determined that your firm markets new tobacco products in the United States that lack premarket authorization. All new tobacco products on the market without the statutorily required premarket authorization *are marketed unlawfully and are subject to enforcement action at FDA's discretion.*

Warning Letter to Artisan Vapor Company, from the FDA (current as of Aug. 8, 2025),

---

[4] Spencer Lindquist, *China is Flooding America With Illegal Vapes — and More Than 90% Fly Under the Radar*, DAILY WIRE (Apr. 23, 2025), https://www.dailywire.com/news/china-is-flooding-america-with-illegal-vapes-and-more-than-90-fly-under-the-radar .; Louise Matsakis, *The US is Being Flooded by Chinese Vapes*, WIRED (June 25, 2024), https://www.wired.com/story/the-us-is-being-flooded-by-chinese-vapes/ .

[5] *FDA and CBP Seize Nearly $34 Million Worth of Illegal E-Cigarettes During Joint Operation*, U.S. FOOD & DRUG ADMIN. (May 22, 2025), https://www.fda.gov/news-events/press-announcements/fda-and-cbp-seize-nearly-34-million-worth-illegal-e-cigarettes-during-joint-operation.

[6] *Id.*

https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/artisan-vapor-company-712252-08072025 (emphasis added) (providing a non-exhaustive list of illicit vaping products sold by Artisan Vapor). Ex 1

     In light of this, it is no surprise that Plaintiffs failed to plead in their Complaints any legally protected interest in selling, offering to sell, advertising and marketing their Chinese-made vapes. Because the sale of Plaintiffs' Chinese-made vaping products violates federal law, Plaintiffs have no legally protected interest in selling or marketing those products in Texas. Plaintiffs therefore lack standing, and the State Defendants ask the Court should dismiss this action pursuant to Federal Rule 12(b)(1) for this additional reason.

Dated: November 14, 2025

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

Respectfully submitted.

**RYAN G. KERCHER**
Chief, Special Litigation

/s/ *David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Texas Bar No. 03281500
Southern Dist. No. 808332

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501
Southern Dist. No. 3379673

**SHERLYN HARPER**
Assistant Attorney General
Administrative Law Division
Texas Bar No. 24093176
Southern Dist. No. 2994171

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
sherlyn.harper@oag.texas.gov

**COUNSEL FOR THE STATE DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 14, 2025 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
**DAVID BRYANT**