UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VAPOR TECHNOLOGY ASSOCIATION, et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:25-cv-3955 |
| | ) | |
| KELLY HANCOCK, et al. | ) | |
| | ) | |
| Defendants | ) | |

**DEFENDANTS CITY OF WEATHERFORD, TEXAS AND JASON HAYES'S
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE J. CAMPBELL BARKER:

NOW COMES Defendant Jason Hayes, in his official capacity as Police Chief for the City of Weatherford, Texas ("Hayes" or "Defendant"), and files his Original Answer to Plaintiffs' Second Amended Complaint [ECF Doc No. 80], and respectfully shows as follows:

## I. ANSWER TO PLAINTIFFS' SECOND AMENDMENT COMPLAINT

Pursuant to Fed. R. Civ. P. 8(b), Defendant pleads as follows concerning the allegations contained in Plaintiffs' Second Amended Complaint:

## **NATURE OF THE ACTION**

1. Defendant denies that Plaintiffs have stated a claim for declaratory judgement, preliminary and permanent relief, under either the Texas Constitution or federal law, as alleged in Paragraph 1 of Plaintiffs' Second Amended Complaint. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

## THE PARTIES

2. Defendant is without sufficient information or knowledge to admit or to deny the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.

3. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint.

4. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.

5. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

**JURISDICTION AND VENUE**

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.

13. Defendant denies that the Declaratory Judgment Act authorizes the Court to grant Plaintiffs' request for declaratory relief. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.

14. To the extent that the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint present Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

15. Defendant admits that this Court has personal jurisdiction over Defendant, but is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Second Amended Complaint.

**FACTS**

17. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint.

20. To the extent the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint characterize the United States Constitution, Art. I, § 8, cl.3, the statute speaks for itself. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of this statute.

21. To the extent that the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

22. To the extent that the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

23. To the extent that the allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and

otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

24. To the extent the allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint characterize Texas Health and Safety Code § 161.0181 and 161.0876, the statute speaks for itself. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of this statute.

25. To the extent the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint characterize Texas Health and Safety Code § 161.0876, the statute speaks for itself. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of this statute.

26. To the extent the allegations contained in Paragraph 26 of Plaintiffs' Second Amended Complaint characterize Texas Health and Safety Code § 161.0876, S.B. 2024, the statute speaks for itself. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of this statute.

27. To the extent the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Complaint characterize Texas Health and Safety Code § 161.0876, S.B. 2024, and 15 C.F.R. § 791.4, the statutes speak for themselves. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these statutes.

28. To the extent that the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and

otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

29. To the extent that the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

30. To the extent that the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

31. To the extent the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint characterize Texas Health and Safety Code § 161.088(a) and 161.088(b), the statute speaks for itself. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of this statute.

32. To the extent the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint characterize Texas Health and Safety Code § 161.08(c), the statute speaks for itself. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of this statute.

33.     To the extent that the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

34.     To the extent that the allegations contained in Paragraph 34 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

35.     To the extent that the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

36.     To the extent that the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and

otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

38. To the extent that the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise Defendant is without sufficient knowledge to admit or deny the allegations remaining in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

39. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint.

40. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

41. To the extent that the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise Defendant is without sufficient knowledge to admit or deny the allegations remaining in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

42. To the extent that the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise Defendant is without sufficient knowledge to admit or deny the allegations remaining in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

43. To the extent that the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph.

44. To the extent that the allegations contained in Paragraph 44 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

45. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint.

46. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint.

47. Defendant denies that Plaintiffs are threatened with imminent, irreparable harm by Defendant. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint.

48. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint.

49. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint.

50. To the extent the allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint characterize the contents of a letter from Acting Comptroller of Public Accounts for the State of Texas, Kelly Hancock, dated on or about August 29, 2025, the document speaks for itself. Defendant denies any implications that may be drawn from any stated, quoted, or paraphrased portion of this document.

51. To the extent the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint characterize the contents of a letter from Acting Comptroller of Public Accounts for the State of Texas, Kelly Hancock, dated on or about September 2, 2025, the document speaks for itself. Defendant denies any implications that may be drawn from any stated, quoted, or paraphrased portion of this document.

52. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint.

53. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint.

54. To the extent the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint characterize the contents of a report from Acting Comptroller of Public Accounts for the State of Texas, Kelly Hancock, dated on or about September 16, 2025, the document speaks for itself. Defendant denies any implications that may be drawn from any stated, quoted, or paraphrased portion of this document.

55. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint.

56. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60. Defendant admits that he issued the letter referenced in Paragraph 60 of Plaintiffs' Second Amended Complaint. To the extent they characterize the contents of a letter from Jason Hayes, Chief of Police of the City of Weatherford, Texas, dated on or about September 9, 2025, the document speaks for itself. Defendant denies any implications that may be drawn from any stated, quoted, or paraphrased portion of this document.

61. To the extent the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint characterize the contents of a letter from Jason Hayes, Chief of Police of the City of Weatherford, Texas, dated on or about September 9, 2025, the document speaks for itself.

Defendant denies any implications that may be drawn from any stated, quoted, or paraphrased portion of this document.

62. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint.

63. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint.

64. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 64 of Plaintiffs' Second Amended Complaint.

65. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint.

66. Defendant denies that Plaintiffs have stated a claim for equitable relief in the form of preliminary and permanent injunctions, under either the Texas Constitution or federal law, as alleged in Paragraph 66 of Plaintiffs' Second Amended Complaint.

### <u>Count I:</u>    Violation of Foreign Commerce Clause

67. To the extent paragraph 67 of Plaintiffs' Second Amended Complaint incorporates all preceding paragraphs by reference, Defendant responds to the allegations incorporated into this paragraph in the same manner it responded in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

68. To the extent that the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and

otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

69. To the extent that the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions.

70. Defendant denies that Plaintiffs are entitled to any damages, to include declaratory relief as alleged in Paragraph 70 of Plaintiffs' Second Amended Complaint.

71. Defendant denies that Plaintiffs are threatened with immediate and irreparable harm by Defendant and are entitled to any damages, to include preliminary and permanent relief as alleged in Paragraph 71 of Plaintiffs' Second Amended Complaint.

### Count II: Violation of First Amendment

72. To the extent paragraph 72 of Plaintiffs' Second Amended Complaint incorporates all preceding paragraphs by reference, Defendant responds to the allegations incorporated into this paragraph in the same manner it responded in the foregoing, corresponding paragraphs of this Answer as if incorporated into this paragraph by reference.

73. To the extent that the allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be

drawn from any stated, quoted, or paraphrased portion of these cases or provisions. Defendant further denies that Defendant violated Plaintiffs' constitutional rights or engaged in any illegal conduct in this matter.

74. To the extent that the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions. Defendant further denies that Defendant violated Plaintiffs' constitutional rights.

75. To the extent that the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint presents Plaintiffs' characterizations of their claims, damages, sufficiency of their pleading, and the effect of various statutory and constitutional provisions, Defendant respectfully refers the Court to the cited provisions for full and fair statements of their terms and otherwise denies the allegations in this paragraph. Defendant denies any implication that may be drawn from any stated, quoted, or paraphrased portion of these cases or provisions. Defendant further denies that Defendant violated Plaintiffs' constitutional rights or engaged in any illegal conduct in this matter.

76. Defendant denies that Plaintiffs are entitled to any damages, to include declaratory relief as alleged in Paragraph 76 of Plaintiffs' Second Amended Complaint.

77. Defendant denies that Plaintiffs are threatened with immediate and irreparable harm or are otherwise entitled to any damages, to include preliminary and permanent relief as alleged in

Paragraph 77 of Plaintiffs' Second Amended Complaint. Defendant further denies that Defendant violated Plaintiffs' constitutional rights or engaged in any illegal conduct in this matter.

## PRAYER FOR RELIEF

78.     Defendant denies Plaintiffs are entitled to any damages or relief as alleged in Paragraph 78 of Plaintiffs' Second Amended Complaint and subparts.

## II. AFFIRMATIVE DEFENSES

79.     Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts and affirmatively pleads the affirmative defense that the City of Weatherford and Defendant in his official capacity are absolutely immune from suit and any liability to Plaintiffs under the common law doctrine of governmental immunity. The City is a governmental entity and is therefore entitled to assert governmental entity.

80.     To the extent, if any, that Plaintiffs bring claims against Defendant in his individual capacity for alleged violations of its constitutional rights, Defendant is entitled to qualified/official immunity. Defendant asserts that no cause of action exists against him in his individual capacity.

81.     Defendant asserts and alleges that Plaintiffs have failed to allege a cause of action against Defendant, who is merely tasked with enforcing existing state statutes and local laws in his jurisdiction.

82.     Defendant affirmatively asserts and alleges that Plaintiffs' claims for injunctive relief are procedurally barred and that Plaintiffs fail to state sufficient facts to establish entitlement to preliminary or permanent injunctive relief.

## III. REQUEST FOR RELIEF

FOR THE REASONS STATED, Defendant Jason Hayes, in his official capacity as Chief of Police for the City of Weatherford, Texas, prays that Plaintiffs take nothing by their suit, that Defendant be awarded all costs and attorney's fees, together with such other and further relief as justice may require.

Respectfully submitted,

*/s/ Tammy Jean Ardolf*
Tammy Jean Ardolf
Attorney-In-Charge
Texas Bar No. 90001536
Southern District of Texas Bar No. 3383123
Email: tardolf@toase.com

TAYLOR, OLSON, ADKINS, SRALLA, & ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107-3654
Telephone: 817.332.2580
Facsimile: 817.332.4740

**ATTORNEYS FOR DEFENDANT
JASON HAYES, IN HIS OFFICIAL CAPACITY
AS CHIEF OF POLICE OF WEATHERFORD,
TEXAS**

## CERTIFICATE OF SERVICE

On January 28, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division, on all parties using the electronic case file system of the court pursuant to Local Rule 5.1 and Federal Rule of Civil Procedure 5(b)(2).

*/s/ Tammy Jean Ardolf*
Tammy Jean Ardolf